IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00640-BNB

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MARK EUGENE HOWARD,

**MAY 0 4 2009**

Plaintiff,

**GREGORY C. LANGHAM**
CLERK

v.

LAS ANIMAS COUNTY SHERIFF [sic] OFFICE,
LAS ANIMAS COUNTY SHERIFF [sic] JAMES R. CASIAS (Proffesional [sic] Capacity),
LAS ANIMAS COUNTY UNDERSHERIFF DEREK NAVARETTE
  (Professional [sic] Capacity),
LAS ANIMAS COUNTY BOARD OF COMMISSIONERS,
LAS ANIMAS COUNTY ATTORNEY OFFICE,
LAS ANIMAS COUNTY ATTORNEY MARY D. NEWNAM (Proffesional [sic] Capacity),
FOWLER, SCHIMBERG, FLANAGAN, P.C.,
TIMOTHY P. SCHIMBERG, Attorney (Proffesional [sic] Capacity),
CROSS AND LANE, P.C.,
(CTSI) COUNTY TECHNICAL SERVICES INTERCOUPERARING [sic], INC., and
JESSIE MANZANARES, Atty,

Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Mark Eugene Howard, currently is incarcerated at the El Paso County

Detention Facility in Colorado Springs, Colorado.  He filed *pro se* a Prisoner's Motion

and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner

Complaint for money damages and injunctive relief.  He asserts jurisdiction pursuant to

42 U.S.C. § 1983.  He also asserts jurisdiction pursuant to Title VII of the Civil Rights

Act of 1964, 42 U.S.C. §§ 2000, et seq.  Mr. Howard has been granted leave to proceed

*in forma pauperis* pursuant to § 1915, and has paid the initial partial filing fee due in

this action.

The Court must construe the complaint liberally because Mr. Howard is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Howard will be ordered to file an amended complaint. Because he will be ordered to file an amended complaint, Mr. Howard's motions to amend the caption to his complaint (docket numbers 4 and 10) will be denied as unnecessary. His motion for a mental examination of James R. Casias, the Las Animas County sheriff (docket number 5), will be denied as premature.

Mr. Howard alleges that he is a former employee of the Las Animas County Jail. He contends that as an employee he was harassed and retaliated against on the basis of his race, ethnicity, and gender, and ultimately was discharged from employment. He asserts that he previously challenged the issues related to his employment in *Howard v. County of Las Animas, et al.*, No. 04-cv-00388-MSK-MJW (D. Colo. May 20, 1995), *aff'd*, Nos. 05-1294, 05-1515, & 05-1542 (10th Cir. Dec. 7, 2006), a Title VII employment discrimination lawsuit he filed in this Court.

Mr. Howard's current complaint appears to be that he is being retaliated against by being denied access to his personnel records in violation of the Freedom of Information Act. He also alleges that the defendants are conspiring against him by denying him the personnel records he seeks, which he contends provide evidence of his innocence for the civil and criminal cases he currently has pending in state court. It is not clear to the Court whether Mr. Howard also seeks to revisit the issues raised and

disposed of in No. 04-cv-00388-MSK-MJW.

Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. The complaint and other papers that Mr. Howard has filed are difficult to read because they are single-spaced. Therefore, the amended complaint Mr. Howard will be directed to file, if handwritten, must be double-spaced and written legibly, in capital and lower-case letters, preferably in black ink.

The amended complaint Mr. Howard will be directed to file also must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity

3

by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Howard fails to provide a short and plain statement of the grounds for the Court's jurisdiction as to his asserted claims. In addition, his complaint is verbose, vague, and conclusory. *Pro se* status does not relieve Mr. Howard of the burden of alleging sufficient facts on which a recognized legal claim can be based. *See Fogle v. Pierson*, 435 F.3d 1252, 1263 n.7 (10th Cir. 2006). Conclusory allegations without supporting factual averments are insufficient to state a claim. *Hall*, 935 F.2d at 1110.

In the amended complaint he will be directed to file, Mr. Howard must assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. In order for Mr. Howard "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Lastly, to the extent Mr. Howard may be attempting to relitigate the issues raised in No. 04-cv-00388-MSK-MJW, he may not do so. Repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam). The Court may consult its own records to determine whether a pleading repeats pending or previously litigated claims. *See*

*Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972).  Accordingly, it is

ORDERED that the motions to amend (docket numbers 4 and 10) the caption to the complaint filed by Plaintiff, Mark Eugene Howard, are denied as unnecessary.   It is

FURTHER ORDERED that Mr. Howard's motion for a mental examination of James R. Casias, the Las Animas County sheriff (docket number 5), is denied as premature.  It is

FURTHER ORDERED that Mr. Howard file **within thirty (30) days from the date of this order** an amended complaint that complies with the requirements of Rule 10.1 of the Local Rules of Practice for this Court and with Rule 8 of the Federal Rules of Civil Procedure for the reasons discussed in this order.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Howard, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint:  Prisoner Complaint.  It is

FURTHER ORDERED that if Mr. Howard fails to file an amended complaint that complies with this order within the time allowed the complaint and the action will be dismissed without further notice.

DATED May 4, 2009, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00640-BNB

Mark Eugene Howard
Prisoner No. A0233684
El Paso County Det. Facility
2739 E. Las Vegas Street
Colorado Springs, CO 80906

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 5/4/09

GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk