IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00640-BNB

MARK EUGENE HOWARD,

    Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LAS ANIMAS
    IN THE STATE OF COLORADO,
LAS ANIMAS COUNTY SHERIFF [sic] OFFICE,
LAS ANIMAS COUNTY SHERIFF JAMES R. CASIAS,
LAS ANIMAS COUNTY UNDERSHERIFF DEREK NAVARETTE,
LAS ANIMAS COUNTY OFFICE OF THE COUNTY ATTORNEY,
LAS ANIMAS COUNTY ATTORNEY MARY D. NEWNAM,
JESSIE MANZANARES, Attorney,
TIMOTHY P. SCHIMBERG, Attorney,
FOWLER, SCHIMBERG, FLANAGAN, P.C.,
JONATHAN CROSS, Attorney,
SEAN LANE, Attorney,
CROSS AND LANE, P.C., and
COUNTY TECHNICAL SERVICES INCORPORATED,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
MAY 29 2009
GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Mark Eugene Howard, currently is incarcerated at the El Paso County Detention Facility in Colorado Springs, Colorado. He filed *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint for money damages and injunctive relief. He asserted jurisdiction pursuant to 42 U.S.C. § 1983 and pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000, et seq. Mr. Howard has been granted leave to proceed *in forma pauperis* pursuant to § 1915, and has paid the initial partial filing fee due in this action.

On May 4, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Howard to file within thirty days an amended complaint that complied with the requirements of Rule 10.1 of the Local Rules of Practice for this Court and with Rule 8 of the Federal Rules of Civil Procedure. On May 14, 2009, Mr. Howard filed a 108-page amended complaint for money damages and injunctive relief with 42 pages of exhibits pursuant to 42 U.S.C. § 1983 and various other statutes. The amended complaint is single-spaced in violation of D.C.COLO.LCivR 10.1E. Also on May 14, he filed a motion to amend the complaint (document number 18), in which he seeks to amend further the amended complaint he filed on May 14. In addition, he filed a motion to amend (document number 16) the motion he filed on April 2, 2009 (document number 5) for a mental examination of James R. Casias, the Las Animas County sheriff, which was denied on May 4.

The Court must construe the amended complaint liberally because Mr. Howard is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed.

The amended complaint Mr. Howard filed fails to comply with the pleading requirements of Fed. R. Civ. P. 8. In the May 4, 2009, order for an amended complaint, Magistrate Judge Boland informed Mr. Howard that the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas*

*City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). Magistrate Judge Boland further informed Mr. Howard that the requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Magistrate Judge Boland specifically noted that Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Howard's amended complaint is verbose and confusing. He has failed, as directed, to assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. He also has failed to explain in a clear manner the significance of the numerous documents attached to amended complaint. Interpreting the importance of exhibits to Mr. Howard's asserted claims is neither a judicial function nor Defendants' responsibility.

In the May 4, 2009, order, Magistrate Judge Boland emphasized to Mr. Howard that in order "to state a claim in federal court, a complaint must explain what each

defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Howard has failed to do so in a manner that complies with Fed. R. Civ. P. 8. Therefore, the amended complaint will be dismissed without prejudice for failure to comply with the pleading requirements of Fed. R. Civ. P. 8. Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that any pending motions are dismissed as moot.

DATED at Denver, Colorado, this 28 day of May, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00640-BNB

Mark Eugene Howard
Prisoner No. A0233684
Criminal Justice Center B4, 1
2739 East Las Vegas Street
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/29/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk