IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-00640-PAB-KLM

MARK EUGENE HOWARD,

    Plaintiff,

v.

LAS ANIMAS COUNTY SHERIFF'S OFFICE,
JAMES R. CASIAS, Las Animas County Sheriff, in his professional capacity,
DEREK NAVARETTE, Las Anima County Under Sheriff, in his professional capacity,
LAS ANIMAS COUNTY BOARD OF COMMISSIONERS,
LAS ANIMAS COUNTY ATTORNEY'S OFFICE,
MARY D. NEWMAN, Las Animas County Attorney, in her official capacity,
FOWLER, SCHIMBERG & FLANAGAN, P.C.,
JESSIE MANZANARES, Attorney,
TIMOTHY P. SCHIMBERG, in his professional capacity,
JONATHAN CROSS, Attorney,
SEAN LANE, Attorney,
CROSS and LANE, P.C., and
COUNTY TECHNICAL SERVICES, INC.,

    Defendants.
_____

## ORDER STAYING CASE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendants' [sic] Fowler Schimberg & Flanagan, P.C., Timothy P. Schimberg, and the Las Animas County Defendants' ["Unopposed"] Motion for a Stay Pending Resolution of Defendants' Motions to Dismiss** [Docket No. 92; Filed October 15, 2009] (the "Motion").  Although the Motion is labeled as "Unopposed," the Court notes that after the Motion was filed, Defendants clarified that Plaintiff opposes the imposition of a stay [Docket No. 96].  Plaintiff, who is proceeding *pro se*, filed his Response in opposition to the Motion on October 20, 2009

[Docket No. 97]. Because Plaintiff is proceeding *pro se*, his Response has been liberally construed. *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Because I do not believe that a reply would be helpful, I resolve the Motion on the current pleadings. *See* D.C. Colo. L. Civ. R. 7.1(C). Although the Motion is brought on behalf of all Defendants who have been served except for Defendant County Technical Services, Inc. ("CTSI"), I note that CTSI is also in favor of the imposition of a stay. *Motion* [#92] at 2.

Defendants have filed Motions to Dismiss asserting various defenses, including immunity and lack of jurisdiction, which, if granted, would resolve the entire case as to them [Docket Nos. 47, 90 & 91]. Defendant CTSI has also filed a fully-dispositive Motion to Dismiss [Docket No. 57]. With the exception of Motion No. 47, the Court notes that none of the pending Motions to Dismiss have been fully briefed. Given the pendency of the Motions to Dismiss, Defendants request a stay of discovery until the issues presented have been decided. By contrast, Plaintiff opposes a stay and characterizes Defendants' request as a "'Quick Draw Magraw' [sic] type motion." *Response* [#97] at 3. Plaintiff further argues that "no stay should be granted by any means, as the motions to dismiss will be text book 'open shut' motions the court will deny in . . . the snap of Denver minute as plaintiffs [sic] case law and responses will make easy work of it for the court." *Id.* at 8. Considering the parties' arguments,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED** for the reasons set forth below.

Although a stay of discovery is generally disfavored, the Court has broad discretion to stay an action while a dispositive motion is pending pursuant to Fed. R. Civ. P. 26(c).

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished decision).  While Defendants improperly contend that a stay of discovery is "mandatory" until preliminary jurisdictional issues have been adjudicated, compare *Motion* [#92] at 2, with *Response* [#97] at 5, it is true that "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").  Moreover, a stay is appropriate if "resolution of a preliminary motion *may* dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (emphasis added) (citation omitted).

Regardless of the pending defenses at issue, the Court maintains discretion to determine whether to impose a stay.  In this case, and in weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay is appropriate here.  *See String Cheese,* 2006 WL 894955, at *2.  First, the Court balances Plaintiff's desire to proceed expeditiously with his case, which has been characterized by Plaintiff as his right to be "the Master of his claim," *Response* [#97] at 3, against the burden on Defendants of going forward.  *String Cheese,* 2006 WL 894955, at *2.  Although Plaintiff fails to address this factor with any specificity, there can be no doubt that Plaintiff has an interest in proceeding expeditiously, but his interest is offset by Defendants' burden.   Here,

Defendants filed Motions to Dismiss which seek to completely dismiss Plaintiff's claims against them on immunity and jurisdictional grounds, among other defenses.  Courts have routinely recognized that discovery may be inappropriate while issues of immunity or other jurisdictional questions are being resolved.  *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (same); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *cf. Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive motion involving jurisdictional issue); *Enplaner, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (same); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2-5 (D.D.C. 2001) (same).  On balance, the Court finds that the potential harm to Plaintiff is outweighed by the burden on Defendants resulting from conducting and responding to discovery while their Motions to Dismiss are pending.

Next, the Court considers its own convenience, the interests of nonparties, and the public interest in general.  *See String Cheese*, 2006 WL 894955, at *2.   None of these factors prompts the Court to reach a different result.  In fact, the Court notes that neither its nor the parties' time is well-served by being involved in a "struggle over the substance of suit" when, as here, fully dispositive motions are pending.  *See Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, No. 07-7047, 2007 WL 4165397 at *2 (D.C. Cir. Nov. 27, 2007) (unpublished decision) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation); *see Chavous*, 201 F.R.D. at 2 ("A

4

stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (citations omitted)).  Likewise, the imposition of a stay pending a decision on motions that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motions are] granted, there will be no need for discovery."  *Chavous*, 201 F.R.D. at 5.  Although Plaintiff invites me to readily reject the defenses raised by Defendants in their Motions to Dismiss, see *Response* [#97] at 7-8, it is inappropriate to do so at this stage of the briefing.  Moreover, I note that a preliminary review of the pending motions does not reveal that the defenses are facially invalid.  Finally, the Court is unpersuaded that this case triggers a compelling nonparty or public interest to prompt a different result.

IT IS FURTHER **ORDERED** that the case is **STAYED** until such time as the pending Motions to Dismiss [##47, 57, 90 & 91] are resolved.[1]  The Court notes, however, that Plaintiff's Order to Show Cause Deadline of November 23, 2009 relating to service of the case on Defendants Cross, Lane and Cross and Lane, P.C. remains in effect [Docket No. 99].

IT IS FURTHER **ORDERED** that the Scheduling Conference set for November 2, 2009 at 9:30 a.m. is **vacated** and will be reset, if appropriate, upon expiration of the stay.

Dated:  October 22, 2009

BY THE COURT:

---

[1] Although Defendant CTSI failed to join in Defendants' Motion, judicial economy weighs in favor of imposing a stay as to the entire case.  Given that Defendant CTSI also has a pending Motion to Dismiss, I find that staying all discovery is far more efficient than having the case proceed as to Defendant CTSI on a separate track from the other Defendants.

  s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge