IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-00640-PAB-KLM

MARK EUGENE HOWARD,

     Plaintiff,

v.

LAS ANIMAS COUNTY SHERIFF'S OFFICE,
JAMES R. CASIAS, Las Animas County Sheriff, in his professional capacity,
DEREK NAVARETTE, Las Anima County Under Sheriff, in his professional capacity,
LAS ANIMAS COUNTY BOARD OF COMMISSIONERS,
LAS ANIMAS COUNTY ATTORNEY'S OFFICE,
MARY D. NEWMAN, Las Animas County Attorney, in her official capacity,
FOWLER, SCHIMBERG & FLANAGAN, P.C.,
JESSIE MANZANARES, Attorney,
TIMOTHY P. SCHIMBERG, in his professional capacity,
COUNTY TECHNICAL SERVICES, INC.,

     Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on **Mr. Schimberg and Fowler Schimberg &**

**Flanagan's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)** [Docket No. 47; Filed

September 8, 2009], Defendant County Technical Services, Inc.'s **Motion to Dismiss**

**Pursuant to Fed.R.Civ.P. 12(b)(6)** [Docket No. 57; Filed September 28, 2009], **The Las**

**Animas County Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

[Docket No. 90; Filed October 15, 2009]; and **Individual Las Animas County Defendants'**

**Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)** [Docket No. 91; Filed October

15, 2009] (collectively, "the Motions"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.

COLO.LCivR 72.1C, the Motions have been referred to this Court for recommendation. I have reviewed the Motions, Plaintiff's responses in opposition to the Motions [Docket No. 55, 95, 105, 106], Defendants' replies in support of the Motions [Docket No. 56, 107, 108, 109], the entire file, the relevant case law, and am advised in the premises. The Motions are ripe for resolution.

## I. BACKGROUND

Plaintiff is a former employee of the Las Animas County Sheriff's Department in Las Animas County, Colorado. *Amended Complaint* [#20] at 3. This case arises from a prior Title VII employment discrimination action filed by the Plaintiff alleging that the Las Animas County Sheriff's Department discriminated against him based on his sex and race and created a hostile work environment . *See Howard* v. *County of Las Animas,* 04-cv-00388-EWN-MJW. ("*Howard I").* In that case, on May 20, 2005, the District Court granted Defendants' motions for summary judgment and dismissed Plaintiff's claims with prejudice. [#52-2] at 37.

Plaintiff's present action essentially alleges that he is being retaliated against by Defendants because of protected Title VII activity.   Plaintiff brings claims pursuant to Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988 and "U.S. Title VI(6)" against a number of Defendants: the Board of County Commissioners of Las Animas County; the Las Animas County Sheriff's Office; Las Animas County Sheriff James W. Casias; Las Animas County Undersheriff Derek Navarette; Las Animas County Office of the County Attorney; Mary D. Newman, an attorney; Jessie Mazanares, an attorney (the "Las Animas Defendants"); Timothy P. Schimberg, Attorney;

Fowler, Schimberg, Flanagan, P.C., (the "Schimberg Defendants") and County Technical Services, Inc. ("CTSI"). *Amended Complaint* [#20] at 2-4.[1]

In support of his Title VII retaliation claim, Plaintiff alleges that since he filed his original Title VII lawsuit in this Court, the Las Animas County Sheriff's Office and the County of Las Animas have "refused to provide me my personnel records, litigation files, and education and training, skills and qualifications and various open records ..." *Id.* at 6. Plaintiff alleges that the personnel records are maintained pursuant to the Colorado Open Records Act ("CORA"). *Id.* at 7. Plaintiff alleges that these records were disclosed to Sheriff Casias and the Schimberg Defendants during discovery in *Howard I. Id.* He alleges that Defendants knew they had a duty to retain the records, but failed to do so. *Id.* at 8. His claim asserts that he has a right to access to the records under the CORA and that the failure to provide them violates due process and equal protection and his right to be free from retaliation under Title VII. *Id.* at 8-9.

Plaintiff's second claim alleges a number of constitutional violations by Defendants. He alleges that in September, 2003, Sheriff Casias retaliated against him for writing a letter about the mistreatment of women at the jail, other employees who were contemplating pursuing discrimination complaints, and the "Hispanic racism" at the jail, in violation of the First Amendment. *Id.* at 10-11. He alleges that "[a]ngry retaliation first became communicated and agreed conspiracy in racial animus in towering Hispanic thrust" by Defendants Manzanares, Casias, members of the Board of County Commissioners, and

---

[1] Defendants Jonathan Cross, Attorney, Sean Lane, Attorney, and Cross & Lane, P.C. were voluntarily dismissed by Plaintiff on [#104]. CTSI serves as a third-party administrator of Las Animas County's insurance pools. Once a Plaintiff makes a claim against the County, CTSI, as here, appoints a law firm to represent the Defendants. *Motion* [#57] at 2.

the Schimberg Defendants.  *Id.* at 11.  Plaintiff claims that Defendant CTSI and others stalked and conducted surveillance of him and his wife, causing his wife great distress, and that they conspired with Casias to force his wife to make false allegations that Plaintiff was violent and dangerous. *Id.*  According to Plaintiff, Casias coerced Plaintiff's wife to file false civil and criminal allegations against him.  *Id.* at 12.

Plaintiff asserts that Casias, Manzanares and Schimberg harassed him because of his religion (Mormon) and labeled him "insane," "delusional," and "psychotic."  *Id.*  He further alleges that these Defendants also conspired to have Plaintiff committed to a state hospital, *id.* and also caused libelous statements to be made about Plaintiff in a local newspaper. *Id.* at 13.  In sum, Plaintiff alleges that Defendants made "[m]any falsities, false light and libels injuring and damaging character personally and professionally in badge of infamy, scorn, ridicule, contemn [sic], lowering me in estimation of people, stigmatizing, causing all third persons to be deterred from me necessitating a permanent flight and abandonment of entire region for even its dangers to me created in severe liberty deprivation as retaliation." *Id.*  Finally, Plaintiff asserts that the Schimberg Defendants, Las Animas County  and CTSI failed to prevent further constitutional violations and CTSI failed to adequately supervise its attorneys. *Id.*

Based on the conduct alleged above, Plaintiff claims that Defendants violated his First Amendment rights of free speech, freedom of religion, and access to the courts. *Id.* at 14.  He alleges a Fourth Amendment violation because Defendants allegedly presented him in a false light and invaded his privacy through false publications.  *Id.*  In imputing crimes and involving themselves in his cases and withholding records, Plaintiff alleges that Defendants violated the Fifth and Sixth Amendments.  He also alleges a Seventh

Amendment violation, stating that the Defendants deprived him of a jury trial and damages, and caused "extensive custody durations." *Id.* Finally, Plaintiff claims that Defendants deprived him of due process and equal protection in violation of the Fourteenth Amendment.

In four separate Motions to Dismiss, Defendants contend that Plaintiff fails to state a claim pursuant to Title VII or 42 U.S.C. § 1983. Defendants also assert that Plaintiff's claims are barred by the doctrines of *res judicata* and collateral estoppel.

## II. ANALYSIS

### A. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Morley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[the complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Sherd v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). However, "[the court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

The individual Las Animas Defendants assert that they are entitled to qualified immunity and have moved to dismiss based on lack of subject matter jurisdiction. An attack on a complaint based on qualified immunity is evaluated under Fed. R. Civ. P. 12(b)(1). *Meyers v. Colo. Dept. of Human Servs.*, 62 Fed. Appx. 831, 831 (10th Cir. Jan. 6, 2003) (unpublished decision). Rule 12(b)(1) motions to dismiss generally take one of two forms. *See, e.g.*, *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). First, a defendant may make a facial attack on the sufficiency of the Complaint's allegations as to subject matter jurisdiction. *Id.* Alternatively, a defendant may challenge the actual facts upon which subject matter jurisdiction is based. *Id.* Here, Defendants have made a facial attack on Plaintiff's allegations on the basis on qualified immunity. When reviewing a facial

6

attack on a complaint pursuant to Fed. R. Civ. P. 12(b)(1), a court will accept the allegations of the Complaint as true. *Holt v. United States*, 46 F.3d 1000, 1001 (10th Cir. 1995).

Finally, the Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

**B.    Claim One – Title VII**

Plaintiff alleges that Defendants subjected him to retaliation because he filed a Title VII action against them. To establish a case of retaliation pursuant to Title VII, Plaintiff must show that (1) he was engaged in protected opposition to discrimination; (2) a reasonable employee would have found the employer's alleged retaliatory action to be materially adverse, meaning that the employer's action might dissuade a reasonable worker from making or supporting a charge of discrimination; and (3) a causal connection exists between the protected activity and the adverse action. *EEOC v. PVNF, LLC*, 487 F.3d 790, 803 (10th Cir. 2007); *Robinson v. Dean Foods Co.*, 654 F. Supp.2d 1268, 1283 (D. Colo. 2009).

Defendants have not directly addressed the issue of whether Plaintiff's allegations

are sufficient to establish a Title VII claim.   However, the Court may engage in such a review.  The district court has the authority to *sua sponte* dismiss a claim under Fed.R.Civ.P. 12(b)(6). *Curley v. Perry,* 236 F.3d 1278, 1284 (10th Cir. 2001).  Such a dismissal is limited to cases where it is patently obvious that the Plaintiff could not prevail on the facts alleged, and allowing the Plaintiff an opportunity to amend the Complaint would be futile. *Whitney v. New Mexico,* 113 F.3d 1170, 1173 (10th Cir.1997).

Title VII bars employers from retaliating against an employee for engaging in a "protected activity."  42 U.S.C. 2000e-3(a).  An employee engages in a protected activity when he "has opposed any practice made an unlawful employment practice ... or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing.... *Id.*  Plaintiff must also show that he suffered an adverse employment action as a result of the retaliation. *Fye v. Oklahoma Corp. Comm'n*, 516 F.3d 1217, 1227 (10th Cir. 2008) (citation omitted).  To qualify as an adverse action, the employer's conduct must be "materially adverse" to the employee's job status.  *Wells v. Colorado Dept. of Transp.,* 325 F.3d 1205, 1213 (10th Cir. 2003).

First, the Court finds that Plaintiff has failed to make any coherent allegations regarding the alleged effect of his former employer's post-employment conduct on his job status.  Because such allegations are a material element of a Title VII retaliation claim, Plaintiff has failed to state a claim upon which relief may be granted as required by Fed. R. Civ. P. 12 (b)(6).  Second, the Court finds that the Amended Complaint does not comply with Fed. R. Civ. P. 8(a) which requires a "short and plain statement of the claim."  The Amended Complaint is "prolix in evidentiary detail, yet without simplicity, conciseness, and clarity" and is excessively voluminous, unclear, and riddled with irrelevant details and

opinions. *See Mann v. Boatright,* 477 F.3d 1140, 1148 (10th Cir. 2007). It is made "unintelligible 'by scattering and concealing in a morass of irrelevancies the few allegations that matter.' " *Id.* (quoting *United States ex rel. Garst v. Lockheed-Martin Corp.,* 328 F.3d 374, 378 (7th Cir.2003)). Therefore, dismissal is appropriate pursuant to Fed.R.Civ.P. 12(b)(6) for failure to comply with Fed.R.Civ.P. 8(a).

### 1. Employer Requirement

The Schimberg Defendants and CTSI assert that Plaintiff fails to state a claim under Title VII because they were not Plaintiff's employer. Title VII applies only to discrimination against employees by employers. *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991) (Title VII does not apply where there is no employment relationship).   In order to be covered by Title VII, an individual must be an employee or an applicant for employment. 42 U.S.C. § 200e-16.   Under Title VII an "employee" is "an individual employed by an employer."  42 U.S.C. § 2000e (f).  The term "employer" means "a person engaged in an industry affecting ... commerce and any agent of such person."  42 U.S.C. § 2000e(b).  An individual "agent" qualifies as an employer

> if he or she serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing, or conditions of employment. In such a situation, the individual operates as the alter ego of the employer, and the employer is liable for the unlawful employment practices of the individual without regard to whether the employer knew of the individual's conduct.

*Sauers v. Salt Lake County,* 1 F.3d 1122, 1125 (10th Cir. 1993). It is Plaintiff's burden to establish that he had an employer-employee relationship with Defendants. *See Lockard v. Pizza Hut, Inc.*, 162 F.3d 1062, 1070 (10th Cir. 1998) (finding that Plaintiff failed to meet burden of proving Defendant was her employer).

The Schimberg Defendants and CTSI are correct in asserting that Plaintiff has failed

to state a Title VII claim against them.  Nowhere in the complaint does Plaintiff allege that these Defendants were his employer.  In fact, Plaintiff only names these Defendants in their capacity as attorneys for Plaintiff's former employer, the Las Animas County Defendants. *Amended Complaint* [#20] at 7. Thus, the Title VII claim against the Schimberg Defendants and CTSI should be dismissed.

### 2.   *Res Judicata and Collateral Estoppel*

Defendants move for dismissal pursuant to the principles of *res judicata* and collateral estoppel based on Plaintiff's prior Title VII lawsuit in this District Court, *Howard I.* In that case, Plaintiff alleged that the County of Las Animas, Las Animas County Sheriff James Casias, and Anthony Boccaccio and Henry Guzzo, employees of the Sheriff's Department,  violated Title VII by discriminating and retaliating against him based on his sex and race and by creating a hostile work environment. *Supplement* [# 52] Ex. A, Order and Memorandum of Decision, at 1.[2]  His Title VII claim arose from his employment by the Las Animas County Sheriff's Department from June 20, 2003 to September 10, 2003, when he was terminated from his employment.  *Id.* at 2, 6-7.  On May 20, 2005, in granting Defendants' motions for summary judgment, the Court found that Plaintiff had not demonstrated that he had suffered discrimination or that he was retaliated against in violation of Title VII.  *Id.* at 18-37.

Though occasionally used to refer to the narrower concept of claim preclusion, the doctrine of *res judicata* traditionally subsumes both claim preclusion and issue preclusion,

---

[2] The Court need not convert the motions to dismiss into motions for summary judgment because a court may take judicial notice of court records from another case.  *Doe v. Heil*, No. 08-cv-02342-WYD-CBS, 2009 WL 3158165, at * 1 n. 1 (D. Colo. Sept. 28, 2009).

which is sometimes called collateral estoppel.  *See, e.g., Carter v. City of Emporia*, 815 F.2d 617, n. 2 (10th Cir. 1987).  "The doctrine of res judicata, or claim preclusion, will prevent a party from re-litigating a legal claim that was or could have been the subject of a previously issued final judgment."  *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005).

Res judicata bars a subsequent *claim* if four elements are met: "(1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the party must have had a full and fair opportunity to litigate the claim in the prior suit." *In re Mersmann*, 505 F.3d 1033, 1049 (10th Cir. 2007)(citing *Nwosun v. Gen. Mills Rests.*, 124 F.3d 1255, 1257 (10th Cir. 1997).  Collateral estoppel bars relitigation of an *issue* if: (1) the issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) the party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.  *Nichols v. Bd. of Cty. Commissioners of County of La Plata, Colorado*, 506 F.3d 962, 967 (10th Cir. 2007) (quoting *Bebo Constr. v. Mattox & O'Brien, P.C.*, 990 F.2d 78, 84-85 (Colo. 1999). Defendants have the burden of setting forth facts sufficient to satisfy the elements of *res judicata* and collateral estoppel.  *Bebo Constr.*, 990 F.2d at 85; *Nwosum*, 124 F.3d at 1255.

It is unclear from the Amended Complaint whether Plaintiff is attempting to relitigate his Title VII claims based on his termination.  To the extent that he attempts to do so, his

claim and the issues involving his termination are precluded by *res judicata* and collateral estoppel because his discrimination and retaliation claims have already been decided adversely to him on the merits in this Court. Summary judgment is a decision on the merits. *Mpoyo v. Litton Electro-Optical Systems*, 430 F.3d 985, 988 (9th Cir. 2005); *Kovats v. Hi-Lex Corp.*, 52 Fed. Appx. 768, 769 (6th Cir. 2002). Plaintiff had a full and fair opportunity to litigate the issues surrounding his employment with the Las Animas County Sheriff's Department. Any retaliation claims arising from that employment or events occurring prior to the granting of summary judgment in *Howard I* are barred by *res judicata* and collateral estoppel.

Many of the factual allegations in the Amended Complaint concern alleged conduct by Defendants that occurred from 2005 to 2009, after the resolution of Plaintiff's prior lawsuit. Thus, Plaintiff may be attempting to assert a claim for retaliation based on conduct which allegedly occurred after his previous lawsuit and was therefore not the subject of that lawsuit. *Res judicata* and collateral estoppel do not apply to these new allegations and the case should not be dismissed on this basis.[3]

### C.   Constitutional Claims

Claim Two alleges a "conspiracy to retaliate free speech, breach of contract, insurance bad faith, evidence spoilation, injury to character in false defamatory electronic and printed publications, violations of C.R.S. 30-10-520." *Amended Complaint* [#20] at 10. As a jurisdictional basis for this claim, Plaintiff cites 42 U.S.C. §§ 1981, 1983, 1985(3), 1986,

---

[3] This conclusion does not affect the Court's findings above that Plaintiff fails to state a claim under Title VII and that the Amended Complaint does not comply with Fed. R. Civ. P. 8(a).

1988 and "U.S. Title VI(6)." *Id.* Defendants contend that Plaintiff has failed to state a claim under these statutes.

### 1.    *42 U.S.C. § 1981*

In racial discrimination suits, the elements of a plaintiff's case are the same whether that case is brought under § 1981 or Title VII. *Baca v. Sklar,* 398 F.3d 1210, 1218 n. 3 (10th Cir.2005) (quotation and alterations omitted). "To make out a prima facie case of discrimination, Plaintiff must demonstrate (1) membership in a protected class, (2) an adverse employment action, and (3) disparate treatment among similarly situated employees." *Orr v. City of Albuquerque,* 417 F.3d 1144, 1149 (10th Cir. 2005). Additionally, in order for municipal liability to arise under §1981, Plaintiff must demonstrate that the public officials acted pursuant to a "custom or policy" of "discriminatory employment practices." *Randle v. City of Aurora,* 69 F.3d 441, 446 n. 6, 447 (10th Cir.1995) (citing *Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 735-36 1989)).

The Amended Complaint does not address any of the elements of a § 1981 claim. Plaintiff does not allege that he is a member of a protected class. He does not allege an adverse employment action or mention similarly situated employees. Therefore, he has not pled a *prima facie* claim for relief pursuant to 42 U.S.C. § 1981.

### 2.    *42 U.S.C. § 1983*

The elements of a § 1983 claim are: (Plaintiff was deprived of a right secured by the Constitution or laws of the United States; and (2) Defendants deprived him of this right acting under color or state law. *Johnson v. Rodrigues.* 293 F.3d 1196, 1292 (10th Cir. 2002). Before considering the merits of Plaintiff's constitutional claims, I will address the

13

Schimberg Defendants claim that they are not subject to § 1983 liability because the conduct allegedly committed by them was not "under color of state law."

Plaintiff identifies the Schimberg Defendants as attorneys for "state-municipal law enforcement agency and County Board." *Amended Complaint* [#20] at 4. "The conduct of an attorney acting in his professional capacity while representing his client does not constitute action under color of state law for the purposes of § 1983." *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (quotation omitted). Therefore, the § 1983 claim against the Schimberg Defendants should be dismissed.

a.   First Amendment Retaliation

Like the allegations supporting many of Plaintiff's claims, those made here are largely incoherent. Plaintiff appears to be alleging that he was retaliated against because he wrote a letter in September 2003 to Casias and Las Animas County which was critical of the County Jail. Plaintiff appears to aver that the letter alleged "misogynical [sic] treatment of females, others planning E.E.O.C. suits" and "rumors of Hispanic run facility ..." *Amended Complaint* [#20] at 10-11. As a result of this letter, Plaintiff alleges that from 2004 to the present "free speech of the Hispanic racism, citizen complaints of mistreatment, public interest legal issues, Sheriff controversies all retaliated [sic] me for, resurged in 2008." *Id.* at 11.

"[T]o establish a First Amendment retaliation claim, an individual must demonstrate that he was (1) engaged in protected conduct; (2) that he suffered an adverse action; and (3) that a causal connection exists between the protected conduct and the adverse action." *Baldauf v. Hyatt*, No. 01-cv-01315-REB-CBS, 2008 WL 280839, at *7 (D. Colo. Jan. 31,

14

2008) (unpublished decision) (quoting *Scott v. Churchill*, 377 F.3d 565, 569 (6th Cir. 2004)).

To prevail on the causation element of a claim for retaliation, Plaintiff "must prove that 'but

for' the retaliatory motive, the incidents to which he refers . . . would not have taken place."

*Id.* (citing *Smith v. Maschner*, 899 F.2d 940, 949-50 (10th Cir. 1990)).   That is, "it is

imperative that [a] plaintiff's pleading be factual and not conclusory.   Mere allegations of

constitutional retaliation will not suffice; plaintiffs must, rather, allege specific facts showing

retaliation because of the exercise of the [plaintiff's]   constitutional rights."   *Frazier v.

Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990).

Plaintiff's claim fails for a number of reasons.   First, he fails to identify the nature of

the alleged retaliation against him. Second, he does not name the individuals who allegedly

engaged in the   retaliatory conduct. Finally, Plaintiff fails to allege specific facts

demonstrating retaliation.   This claim should therefore be dismissed.

b.   False Statement Claims

Plaintiff alleges that Defendants have "conspire[d] to retaliate out of racial animus

to further compound and aggravate injury and damage in repeated federally regulated

internet medium mass media publications and conventional press publications that are

false, defamatory in libel." *Amended Complaint* [#20] at 13.   Plaintiff also alleges "false light

and privacy intrusions to relationship and false publications ..." *Id.* at 13.   To support his

claim, Plaintiff cites two newspaper articles from the *Trinidad Times* with the headlines

"Former Jail Detention Officer Arrested" and "Announcement Made in Mental Health

Committal." *Id.*

The elements of a defamation, libel or false light claim are essentially identical: (1)

15

a false statement; (2) published to a third person; (3) with reckless disregard as to the statement's truth or falsity; (4) the statement was highly offensive to a reasonable person; (5) the statement was about Plaintiff; and (6) Plaintiff sustained actual damages. *See Bustos v. United States*, 257 F.R.D. 617, 621 (D. Colo. 2009) (defamation and libel); *Denver Pub. Co. v. Bueno,* 54 P.3d 893, 899 n. 8 (Colo. 2002) (false light).

Once again, Plaintiff's allegations are insufficient.  He has not identified which Defendants are responsible for this alleged conduct.  He does not identify any damages he has allegedly suffered as a result of Defendants' alleged false statements.  Moreover, Plaintiff's claim that the newspaper headlines are false is belied by other statements in the Amended Complaint.  For example, Plaintiff has acknowledged that he has been arrested and that he was committed to a state hospital. *Amended Complaint* [#20]. Therefore, he has failed to sufficiently allege the publication of *false* statements.  For these reasons, the defamation, libel and false light claims should be dismissed.

c.      Fifth, Sixth and Seventh Amendment

As to Plaintiff's Fifth and Sixth Amendment claims, he states that Defendants violated these rights by "imputing claims in false publications and their involvement in civil and criminal cases in their causing and contributory roles ..." *Amended Complaint* [#20] at 14. He further alleges that this conduct deprived him of his Seventh Amendment right "for jury trial and damage pursuit, extended custody durations." *Id.*  Plaintiff's allegations are vague when they are not incomprehensible. Moreover, he makes only conclusory allegations that these constitutional rights were violated by Defendants.   Plaintiff has provided no valid factual basis for his claims. *See id.* "A pleading that offers 'labels and

conclusions' or a formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 129 S.Ct. at 1949 (citation omitted). These claims should be dismissed.

d.    Due Process and Equal Protection

Plaintiff alleges that he was denied due process and equal protection in violation of the Fourteenth Amendment. To state a Fourteenth Amendment due process claim, a plaintiff must allege details that satisfy two elements. *See Bartell v. Aurora Pub. Schs.,* 263 F.3d 1143, 1149 (10th Cir.2001).  First, he must show that he possesses a protected liberty interest. *Id.; Veile v. Martinson,* 258 F.3d 1180, 1184-85 (10th Cir.2001). Second, he must show that he was not afforded the appropriate level of process. *Bartell,* 263 F.3d at 1149.

The Equal Protection Clause of the Fifth Amendment prohibits the government from treating similarly situated individuals differently.  *City of Cleburne, Tex. v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985).  In order for Plaintiff to state an equal protection claim, he must allege that Defendant either denied him a fundamental right or provided differential treatment based on a suspect classification.  *Brown v. Zavaras*, 63 F.3d 967, 971 (10th Cir. 1995).  If Plaintiff is not a member of a protected class and does not assert a fundamental right, the Court must only determine whether the alleged discriminatory action has a rational basis.  *Id.*

Defendants argue that Plaintiff's complaint fails to make sufficient allegations to satisfy either claim under the Fourteenth Amendment.  Defendants are correct.  The only mention of the Fourteenth Amendment, due process and equal protection in the Amended Complaint is the following statement: "Fourteenth Amendment for all injury and damages

harmed in civil and criminal cases in all equal protections under law, injury and damaged." *Amended Complaint* [#20] at 14.  This statement does not plead the necessary elements of a due process or equal protection claim.  Plaintiff's Fourteenth Amendment claim should be dismissed.

e.    Conspiracy Claim

Plaintiff also alleges that Defendants engaged in a conspiracy to violate his constitutional rights.  The elements of a 42 U.S.C. § 1985(3) conspiracy claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of conspiracy; and (4) an injury or deprivation resulting therefrom. *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).  In order to state a valid claim of conspiracy pursuant to § 1983, Plaintiff must allege specific facts that show agreement and concerted action among Defendants.  *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (citing *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994)). "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Id.*

The Court has reviewed the Amended Complaint and finds that even construing Plaintiff's allegations liberally and in the light most favorable to him, Plaintiff has presented nothing more than conclusory allegations to show agreement and concerted action among Defendants.  For example, he alleges that there was an "agreed conspiracy in racial animus," that his wife and Sheriff Casias "conspired" to bring charges against him, and the Defendants are engaging in an "active and ongoing communication and conspiracy ..." *Amended Complaint* [#20] at 11, 12.

The Court finds that Plaintiff has not sufficiently alleged facts supporting all of the

18

elements necessary to establish an entitlement to relief under the legal theory proposed, and that his claim must be dismissed.  *See Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (discussing pleading requirements to support legal theory).

Plaintiff also cites 42 U.S.C. § 1986, "which provides an action for neglecting to prevent a violation of § 1985, [and] is premised upon the existence of a valid § 1985 claim." *Abercrombie v. City of Catoosa, Okl.,* 896 F.2d 1228, 1230 (10th Cir. 1990).  Because I recommend dismissal of Plaintiff's claims under 42 U.S.C. § 1985 for failure to state a claim for relief, I also recommend dismissal of any dependent claim brought under 42 U.S.C. 1986.[4]

### D.    Qualified Immunity

The individual Las Animas Defendants assert that they are entitled to qualified immunity on Plaintiff's claims.  Government officials are entitled to qualified immunity from liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person in their position would have known. *Harlow v.  Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity also offers protection from trial and other burdens of litigation. *Mitchell v.  Forsyth*, 472 U.S. 511, 526 (1985).

The Court's analysis of qualified immunity in the context of a 12(b)(6) motion is a two-part process. One part of the inquiry is whether the facts taken in the light most favorable to the plaintiff sufficiently allege a constitutional violation.  *Saucier v. Katz*, 533

---

[4] The other statutes Plaintiff cites in the Amended Complaint are 42 U.S. C. § 1988, which is an attorney's fees provision, and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, which prohibits discrimination based on race, color, or national origin by "any program or activity receiving Federal financial assistance."  The former statute is inapplicable and the latter dismissable because, as noted above, Plaintiff has not sufficiently pled a discrimination claim.

19

U.S. 194, 201 (2001). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id.* However, "if a violation could be made out on a favorable view of the parties' submissions, the next ... is to ask whether the right was clearly established." *Id.* In *Pearson v. Callahan*, 129 S.Ct. 808 (2009), the Supreme Court held that a court may review these factors in any order, using its discretion to determine which of the factors should be reviewed first in light of the circumstances of the case. *Id.* at 818.

As I have concluded above, Plaintiff has not stated a tenable § 1983 claim for any of the constitutional violations alleged in the Amended Complaint. Therefore, it is unnecessary to consider the second prong of the qualified immunity analysis. *See Saucier*, 533 U.S. at 201. The individual Las Animas Defendants are entitled to qualified immunity on Plaintiff's claims for monetary relief.[5]

### E.   Motion to Amend

In addition to Defendants' Motions to Dismiss, before the Court is **Plaintiff**['s] **Petition for Time Enlargement to File Amended Complaint Pursuant Fed. R. Civ. P. 15** [Docket No. 117; Filed February 2, 2010] (the "Motion for Extension") and **Plaintiff**['s] **Petition for Entry of Amended Complaint, Amending of Complaint Caption and Servicing of by** [sic] **U.S. Marshal of New Defendants** [Docket No. 119; Filed February 12, 2010] (the "Motion to Amend"). Plaintiff seeks to amend his complaint by adding allegations against a number of additional Defendants. These claims concern alleged conduct by Defendants during Plaintiff's criminal case.

---

[5] Plaintiff seeks monetary and injunctive relief. *See Amended Complaint* [#20] at 16.

20

Fed. R. Civ. P. 15(a) provides for liberal amendment of pleadings.  Leave to amend is discretionary with the court.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998).  Amendment under the rule has been freely granted.  *Castleglenn, Inc. v. Resolution Trust Company*, 984 F.2d 1571 (10th Cir. 1993) (internal citations omitted).  "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Foman*, 371 U.S. at 182.  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

The Court may deny a motion to amend based on undue delay.  *Minter v. Prime Equip. Co.*, 451 F3d 1196, 1205 (10th Cir. 2006)**.**  "The longer the delay, the more likely the motion to amend will be denied" because of the burdens placed on the opposing party and the court.  *Id.*  The Court may deny leave to amend when the movant "has no adequate explanation for the delay."  *Id.* at 1206.  Untimeliness alone is sufficient reason to deny leave to amend.  *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001).

Plaintiff has filed his motion to amend well into the litigation of this case, after extensive briefing of the Motions to Dismiss.  Therefore, for the reasons set forth below, I conclude that a Motion to Amend should be denied based on Plaintiff's undue delay.

Prejudice to the nonmoving party is the most important factor in considering whether amendment should be permitted.  *Minter*, 451 F.3d at 1207.  "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'"  *Id.* at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th

21

Cir. 1971)).  "As a general rule, the risk of substantial prejudice increases with the passage of time."  6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1488, at 670.

A further amendment would no doubt require Defendants to supplement their pleadings in response.  As noted above, Defendants' dispositive motions have been filed as well as Plaintiff's responses.  Under these circumstances, amendment of the pleadings should be denied.  *See Fisher v. Okla. Dep't of Corr.,* 213 Fed. Appx. 704, 709-10 (10th Cir. 2007 (unpublished decision) (affirming denial of motion to amend because the "case was ready for disposition on summary judgment on the original claims")*; Walker v. United Parcel Service, Inc.* 240 F.3d 1268, 1278 (10th Cir. 2001) (affirming denial of amendment where summary judgment motion pending)**.**  An amendment would also require a delay in this case to serve the new Defendants.  I find that Defendants would be prejudiced if the Court granted the Motion.

The Court may also deny a proposed amendment as futile.  *See Frank*, 3 F.3d at 1365 (citing *Foman*, 371 U.S. at 182).  An amendment is futile if it would not survive a motion to dismiss.  *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999)).  "In ascertaining whether [a] proposed amended [pleading] is likely to survive a motion to dismiss, the court must construe the [pleading] in the light most favorable to [movant], and the allegations in the [pleading] must be accepted as true."  *See Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994).

In his proposed Second Amended Complaint, Plaintiff seeks to add sixteen Defendants to this litigation, including members of the Fourth Judicial District Probation

Department who prepared Plaintiff's Presentence Report, the City of Colorado Springs and its Police Department, and individual police officers who investigated Plaintiff's criminal case, Empowerment Therapy Center, LLC and a doctor who performed Plaintiff's psychological evaluation as part of his criminal case, Recycle for Education, Emma Jean McCaskill Floore, Accounting for America, Inc., James Samuel White, President, Foreclosure Relief Service, Inc., and Renee Lynn Richardson, whose relationship to Plaintiff is unclear.  *See* Docket No. 119-2 at 12-17.

It would be futile to add Plaintiff's proposed amendment.  Because Plaintiff does not allege that any of the proposed Defendants were his employer, he may not pursue a Title VII claim against them.  Moreover, Plaintiff fails to allege any coherent constitutional violations by Defendants.  The Court does not see how Plaintiff's criminal case is related to the claims originally brought here.  Plaintiff cannot plausibly blame every personal misfortune on an unsuccessful lawsuit that concluded five years ago and cannot be allowed to continually amend his Complaint to include anyone who has allegedly wronged him no matter when and for whatever reason.  Therefore, Plaintiff's Motion to Amend should be denied.

### III.  CONCLUSION

Based on the foregoing, I RECOMMEND that Defendants' Motions to Dismiss [#47, 57, 90, 91] be **GRANTED** and that the case be **DISMISSED with prejudice**.

I FURTHER RECOMMEND that Plaintiff's Motion to Amend [#119] be **DENIED**.

IT IS FURTHER **ORDERED** that Plaintiff's Motion for Extension [#117] is **DENIED as moot**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of the Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.   A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review.   *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).


DATED:   February 23, 2010


                                        BY THE COURT:

                                         s/ Kristen L.  Mix
                                        Kristen L.  Mix
                                        United States Magistrate Judge